680 N.W.2d 413 (2004)
470 Mich. 876
Gerald HUTCHINSON, Personal Representative of the Estate of Katherine Hutchinson, the Estate of Christine Hutchinson, and the Estate of Tiffany Hutchinson, Plaintiff-Appellant,
v.
TOWNSHIP OF PORTAGE, William J. Brown, H. Watts Stamper, Craig Outwater, Greg Kemppainen and Rocky Woodward, Defendants,
and
Wayne Suida, Defendant-Appellee.
Docket No. 124571, COA No. 240136.
Supreme Court of Michigan.
June 11, 2004.
On order of the Court, the application for leave to appeal the August 14, 2003 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.
MICHAEL F. CAVANAGH, J., would grant leave to appeal.
MARKMAN, J., dissents and states as follows:
I would grant leave to appeal to consider whether the trial court erred in directing a verdict for defendant Suida, who was alleged to have been grossly negligent in the manner in which he dredged a public lake in which three people drowned. Unlike the majorities in the Court of Appeals and in this Court, viewing the evidence in the light most favorable to the plaintiff, I am not yet persuaded that a rational jury could not have found gross negligence on defendant's part. Indeed, following the directed verdict, a jury did find gross negligence, presumably on the basis of the following considerations: (1) defendant, an employee of the Department of Natural Resources (DNR), allegedly defied a Department of Environmental Quality permit by substantially over-dredging a public lake in terms of width, length, and depth; (2) defendant allegedly knew or should have known that the shoreline of the lake was used for swimming and was referred to as "the swimming area"; (3) defendant allegedly failed to tell even the township in which the lake is located of the extent of the over-dredging; (4) defendant allegedly failed to ensure that proper signage was installed around that lake to adequately warn of a sudden drop-off that was created by the dredging project managed by defendant, including proper buoys as mandated by DNR policy; (5) defendant allegedly failed to consider that a past near-fatal water incident had occurred at the lake as well as any possible connection between this incident and the over-dredging of the lake and the lack of adequate signage; and (6) defendant allegedly ordered the installation of a sign on the dock warning of "shallow water" when, in fact, the water, because of the over-dredging, was eight feet deep. Moreover, again contrary to the Court of Appeals majority, I am not yet persuaded that the evidence is such that a rational jury might not have concluded that defendant's actions constituted *414 the proximate cause of the drownings. Before the lake was over-dredged, the water was only thirty inches deep and, therefore, the two girls would not have needed to "swim" when frolicking in the water. Thus, I am not yet persuaded that the fact that the girls were allowed in the water even though they could not swim means that defendant's alleged gross negligence could not as a matter of law have been the proximate cause of the injuries.
Accordingly, I would grant leave to appeal.
MARILYN J. KELLY, J., joins the statement of MARKMAN, J.